UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JACKIE K. ROBINSON,                          :
                                             :
       Petitioner,                         :    Civ. No. 14-1526 (RBK)
                                             :
    v.                                       :    **OPINION**
                                             :
J. HOLLINGSWORTH,                            :
                                             :
       Respondent.                         :
_____ :

**ROBERT B. KULGER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He pled guilty to one count of conspiracy to distribute cocaine base, cocaine and marijuana and one count of carrying and using a firearm in connection with drug trafficking. Petitioner is currently serving a sentence of 352 months imprisonment. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II.    BACKGROUND

The United States District Court for the Eastern District of Pennsylvania recited the previous criminal and habeas proceedings in a prior case as follows:

> On September 8, 1993, Robinson, a supervisor in the Mark Anthony Brown drug distribution organization . . ., pled guilty to conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846, a RICO violation, in violation of 18 U.S.C. § 1962(c), and carrying and using a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c). At the November 2, 1994 sentencing, this Court determined that Robinson's offense level was 38, with a two point enhancement for possessing a firearm. With a criminal history category of I and a base offense level of 40, Robinson received a 292 month prison

> sentence on the conspiracy and RICO counts, and a consecutive 60
> month sentence on the firearms count.  Robinson timely filed an
> appeal of his conviction and sentence.  On May 31, 1995, the Third
> Circuit Court of Appeals affirmed Robinson's conviction and
> sentence.  On March 7, 1997, Robinson filed a *pro se* [m]otion . . .
> [p]ursuant to 28 U.S.C. § 2255, which this Court dismissed on
> April 22, 1997.  This Court also denied Robinson's certificate of
> appealability on April 22, 1997.  The Third Circuit also denied
> Robinson's requests for certificates of appealability.

*United States v. Robinson* (*Robinson I*), Civ. No. 03-138-06, 2007 WL 2023877, at *1 (E.D. Pa. Sept. 4, 2002).

Most relevant to the instant habeas case, petitioner filed a § 2241 habeas petition in this Court in January, 2011.  Among the claims petitioner raised in that petition was that "the statements [he] made during his plea allocation were insufficient to find him guilty of 'using and carrying' – rather than merely 'carrying' – a firearm in connection with his drug trafficking, that is, within the meaning of the term 'using' explained in *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), a Supreme Court decision entered after Petitioner's conviction." *Robinson v. Zickefoose* (*Robinson II*), No. 11-0012, 2011 WL 3236365, at *1 (D.N.J. July 25, 2011).  Ultimately, this Court determined that it lacked jurisdiction under § 2241 to consider petitioner's *Bailey* argument because he failed to fall within the safety valve set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  More specifically, petitioner did not show that § 2255 was inadequate or ineffective to pursue his *Bailey* argument.  *See Robinson II*, 2011 WL 2326365, at *4.  This Court noted that petitioner had an earlier opportunity to challenge his conviction under *Bailey* as he filed his § 2255 motion in March 1997, or fifteen months after the Supreme Court issued its decision in *Bailey*.  *See Robinson II*, 2011 WL 2326365, at *4.

Petitioner filed the instant § 2241 habeas petition in March, 2014. Similar to his previous § 2241 habeas petition, petitioner once again relies on *Bailey*[1] to claim that he is actually innocent of using and carrying a firearm in violation of § 924(c) because the terms "use" and "carry" have distinct meanings and petitioner contends that he never used or carried a firearm. (*See* Dkt. No. 1 at p. 9.)

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it

---

[1] In *Bailey*, the Supreme Court:

> rejected the interpretation that "use" was synonymous with "possession" and determined that the term "uses" meant that "Congress intended 'uses' in the active sense of 'to avail oneself of.'" The Court acknowledged that this "active-employment understanding of 'use'" included "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire a firearm[,]" as well as the offenders reference to the fact that he possesses a firearm.

*United States v. Diallo*, 575 F.3d 252 (3d Cir. 2009) (citing *Bailey*, 516 U.S. at 146) (internal citation omitted).

3

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

Petitioner is challenging his federal conviction in this § 2241 habeas petition. Citing to *Bailey*, he claims that he is factually innocent of his firearms conviction.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *Dorsainvil*, 119 F.3d at 251-52).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner's reliance on *Bailey* to argue that he is factually innocent of his firearms conviction does not place him within the *Dorsainvil* exception. Indeed, as this Court noted in *Robinson II*, petitioner is not entitled to rely on the *Dorsainvil* exception because *Bailey* was issued some fifteen months prior to his § 2255 motion. *See Robinson II*, 2011 WL 3236365, at \*4. Petitioner makes no claim that he was unable to raise his *Bailey* claim in his prior § 2255 motion. Petitioner has not shown that he had no earlier opportunity to challenge his conviction based on *Bailey*. *Accord Davis v. Sniezek*, 390 F. App'x 59, 60 (3d Cir. 2010) (per curiam) (finding that petitioner did not fall within *Dorsainvil* exception where was asserting a *Bailey* claim in § 2241 habeas petition when he filed his § 2255 motion in March, 1997, or fifteen months after *Bailey* was decided); *Robinson II*, 2011 WL 3236365, at \*3-4; *Gray v. Bledsoe*, No.

10-1871, 2011 WL 741467, at *2 (M.D. Pa. Feb. 3, 2011) (stating that where petitioner filed his § 2255 motion after *Bailey* was decided that he was not in the unusual position of having had no earlier opportunity to challenge his conviction in light of *Bailey*), *report and recommendation adopted by*, 2011 WL 743569 (M.D. Pa. Feb. 24, 2011).  Therefore, this Court lacks jurisdiction over the § 2241 habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Third Circuit as a request to file a second or successive § 2255 motion.  The petition does not allege newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense for which he was convicted of in federal court nor does not it allege a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable.  *See* 28 U.S.C. § 2255(h).  Of course, this decision to not transfer this case to the Third Circuit does not prevent petitioner from seeking leave from the Third Circuit directly to file a second or successive § 2255 motion should he elect to do so.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.

DATED:  August 22, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge